08    CV    01986

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DILIP GIRI and AVANI GIRI,                              Case No.

                                    Plaintiffs,

        -against-                                        COMPLAINT AND
                                                         JURY DEMAND
JOSEPHINE R. MCGRAW,

                                    Defendant.
-------------------------------------------------------------------X

RECEIVED
FEB 1 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff DILIP GIRI and AVANI GIRI, by their attorneys, Cheriff & Fink, P.C., for their Complaint, respectfully allege as follows:

**PARTIES**

1.      Plaintiffs DILIP GIRI and AVANI GIRI are citizens of the State of New York.

2.      Upon information and belief, Defendant JOSEPHINE R. MCGRAW is a citizen of the State of Connecticut.

3.      At all relevant times, Plaintiffs were married and co-habituated and are still married and co-habituating.

**SUBJECT MATTER JURISDICTION**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars exclusive of interest and costs and there is diversity of citizenship between the parties.

**IN PERSONAM JURISDICTION AND VENUE**

5.      Plaintiffs repeat each allegation in paragraphs 1 - 4.

6.      Upon information and belief, on November 26, 2007, Defendant committed tortious acts within the Southern District of the State of New York causing injury to Plaintiff DILIP GIRI within the Southern District of the State of New York.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a)(2) because the accident occurred within the Southern District of the State of New York.

## FOR A CLAIM ON BEHALF OF PLAINTIFF
### DILIP GIRI

8.     Plaintiff DILIP GIRI repeats each allegation in paragraphs 1 - 7.

9.     Upon information and belief, on November 26, 2007, at approximately 5:45 a.m., Defendant JOSEPHINE R. MCGRAW was an owner of a 2005 BMW vehicle bearing Connecticut State license plate (the "BMW").

10.    Upon information and belief, on November 26, 2007, at all relevant times, Defendant JOSEPHINE R. MCGRAW was the operator of the BMW.

11.    Upon information and belief, at all relevant times, York Avenue and East 66th Street were and still are public highways and thoroughfares in the County, City and State of New York.

12.    Upon information and belief, on November 26, 2007, at approximately 5:45 a.m., the BMW was being operated on York Avenue at its intersection with East 66th Street in the County, City and State of New York (the "Accident Location").

13.    On November 26, 2007, at approximately 5:45 a.m., Plaintiff DILIP GIRI, a pedestrian, entered onto the crosswalk at the Accident Location.

14.    On November 26, 2007, at approximately 5:45 a.m., Defendant attempted to turn the BMW left from York Avenue onto East 66th Street at the Accident Location.

15.    On November 26, 2007, at approximately 5:45 a.m., the BMW operated by the Defendant made contact with Plaintiff DILIP GIRI at the Accident Location (the "Accident").

16.    On November 26, 2007, at approximately 5:45 a.m., the BMW operated by the Defendant made contact with Plaintiff DILIP GIRI when the Plaintiff was in the crosswalk at the Accident Location.

17.    Upon information and belief, the injuries of Plaintiff DILIP GIRI were caused by the negligence of the Defendant in her ownership, operation and control of the BMW in that, among other things, Defendant

caused and/or allowed the BMW to collide with Plaintiff DILIP GIRI; in failing to observe the Plaintiff; in failing to exercise reasonable care when operating the BMW; in failing to avoid the Accident; in failing to keep a proper lookout; in failing to exercise and maintain reasonable alertness; in failing to properly turn; in placing the Plaintiff in a dangerous situation; in failing to yield the right of way to the plaintiff; and in failing to exercise reasonable and proper control of the BMW.

18.    The Accident occurred solely as the result of Defendant's negligence without any negligence on the part of Plaintiffs contributing thereto.

19.    Defendant's negligence as herein set forth constituted a tortious act within the Southern District of the State of New York, that caused injury within the Southern District of the State of New York.

20.    As a result of the Accident, Plaintiff DILIP GIRI suffered serious injuries as defined by Article 51 of the New York Insurance Law and is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss", as set forth in Article 51 of the New York Insurance Law.

21.    As a result of the Accident, Plaintiff DILIP GIRI suffered serious injuries to various parts of his body; has suffered, and will continue to suffer, great pain and anguish in body and mind; has necessarily received medical care in connection with the injuries sustained by him; has necessarily received and will continue to receive medical treatment and medicines, has been incapacitated from his daily lifestyle and will continue to be incapacitated; has been and was unable to work because of his injuries, and his injuries are permanent, protracted and disabling in nature.

22.    Plaintiff DILIP GIRI is a covered person as defined by §5102 of the Insurance Law of the State of New York.

23.    By reason of the foregoing, Plaintiff DILIP GIRI is entitled to damages in the sum of Six Million ($6,000,000.00) Dollars.

## FOR A CLAIM ON BEHALF OF PLAINTIFF AVANI GIRI

24.    Plaintiff AVANI GIRI repeats the allegations set forth in paragraphs numbered 1 through 23

above.

25.    Plaintiff AVANI GIRI is entitled to the services, society companionship and consortium of Plaintiff DILIP GIRI.

26.    As a result of the negligence of the Defendant, as set forth herein, Plaintiff AVANI GIRI has been deprived of the services, society, companionship and consortium of her husband Plaintiff DILIP GIRI.

27.    That by reason of the foregoing, Plaintiff AVANI GIRI sustained damages the amount of $500,000.00.

WHEREFORE, Plaintiffs demand judgment against Defendant, in the sum of Six Million ($6,000,000.00) Dollars for the Claim on behalf of DILIP GIRI, Five Hundred Thousand ($500,000.00) on the Claim on behalf of AVANI GIRI, together with the costs and disbursements of this Action.

Dated:  New York, New York
        February 26, 2008

CHERIFF & FINK, P.C.

By:    BRUCE J. CHERIFF (BJC-2991)
Attorneys for Plaintiffs
2 Rector Street – Suite 2104
New York, New York 10006
(212) 285-4100